PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

*Original District Court*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### WICHITA FALLS DIVISION

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FILED**

**JAN 1 2 2024**

CLERK, U.S. DISTRICT COURT
By_____ Deputy

Henry Gonzales, No. 1808929

Plaintiff's Name and ID Number

TDCJ-CID James Allred Unit

Place of Confinement

CASE NO. 7 - 24 C V - 0 0 3 - 0
(Clerk will assign the number)

v.

TDCJ-CID
P.O. Box 99, Huntsville, Tx. 77342

Defendant's Name and Address

Brian Collier, Executive Director,
TDCJ, P.O. Box 99, Huntsville, Tx. 77342

Defendant's Name and Address

Jimmy S. Smith, Senior Warden
Allred Unit, Iowa Park, Tx. 76367

Defendant's Name and Address

( DO NOT USE "ET AL.")

Plaintiff Demands Jury Trial.
Plaintiff, Request Spears
Hearing!

---

### INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.   To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.   Your complaint must be legibly  handwritten, in ink, or typewritten.  You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.**  ATTACH AN ADDITIONAL BLANK  PAGE AND  WRITE ON IT.

3.   You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.   When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) , the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

Rev. 05/15

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis.* In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.   PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___ YES ✓NO

    B. If your answer to "A" is "yes", describe each lawsuit in the space below.  (If there is more than one lawsuit, describe  the additional lawsuits on another piece of paper, giving the same information.)

        1.   Approximate date of filing lawsuit: _____ NA _____

        2.   Parties to previous lawsuit:

            Plaintiff(s) _____ NA _____

            Defendant(s) _____ NA _____

        3.   Court: (If federal, name the district; if state, name the county.) _____ NA _____

        4.   Cause number: _____ NA _____

        5.   Name of judge to whom case was assigned: _____ NA _____

        6.   Disposition: (Was the case dismissed, appealed, still pending?) _____ NA _____

        7.   Approximate date of disposition: _____ NA _____

Rev. 05/15

II.  PLACE OF PRESENT CONFINEMENT: TDCJ-CID James V. Allred Unit

III.  EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?  ____ YES  ✓ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

See Motion For IFP - 42 U.S.C. § 1983

IV.  PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Henery Gonzales, No. 1808929, Allred Unit, 2101 FM, 369 North, Iowa Park, Texas 76367

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Texas Department of Criminal Justice, Correctional Institutional Division, P.O. Box 99, Huntsville, Texas 77342

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Failed to provide safe work conditions at Allred Unit

Defendant #2: Brian Collier, Executive Director, Texas Department of Criminal Justice, P.O. Box 99, Huntsville, Texas 77342

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
Failed to discharge duty owed to provide safe working conditi...

Defendant #3: Jimmy S. Smith, Senior Warden, Allred Unit, 2101 FM, 369 North, Iowa Park, Texas 76367

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Failed to discharge delegated duty to provide safe work conditi...

Defendant #4: Bryan D. Reitsma, Assistant Warden, Allred Unit, 2101 F.M. 369 North, Iowa Park, Texas 76367

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Failed to discharge delegated duty to provide safe working conditi...

Defendant #5: Ingrid Y. Ward, Food Service Manager 4, Allred Unit, 2101 FM, 369 North, Iowa Park, Texas 76367

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Failed to discharge duty owed to provide safe working conditions in the Extended Cell Block (ECB) Kitchen

3

Rev. 05/15

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Paragraph 1: Plaintiff is a military veteran, serving a life sentence out of Travis County, Austin, Texas, and is seventy (70) years old.

Plaintiff was seriously injured and hospitalized after he was assigned to the ECB kitchen workers in the skullery washing trays.

(See Attached Pages For Additional Claims:)

VI.    RELIEF:

State briefly exactly what you want the court to do for you.   Make no legal arguments.  Cite no cases or statutes. (1) Cost of Court, (2) reasonable attorney fees, (3) Declaratory Judgements, (4) Prospective Preliminary Injunction, (5) nominal damages, (6) Punitive Damages (See Attached Pages For Additional Relief Requested)

VII.    GENERAL BACKGROUND INFORMATION:

A.  State, in complete form, all names you have ever used or been known by including any and all aliases.
NONE

B.  List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you. Plaintiff requested his historical TDCJ-CID numbers from Allred Unit employees.

VIII.    SANCTIONS:

A.  Have you been sanctioned by any court as a result of any lawsuit you have filed? _____ YES __✓__ NO

B.  If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.  Court that imposed sanctions (if federal, give the district and division): _____ NA

2.   Case number: _____ NA

3.  Approximate date sanctions were imposed: _____ NA

4.  Have the sanctions been lifted or otherwise satisfied? _____ YES __✓__ NO  NA

Rev. 05/15

4

# I. STATEMENT OF CLAIM

**Paragraph 2:** Plaintiff was transferred from the Travis County Jail, to the TDCJ-CID Stiles Unit, in Jefferson County, Beaumont, Texas, processed into State custody, and assigned number <u>1808929</u>.

**Paragraph 3:** Brian Collier, Executive Director, of the Texas Department of Criminal Justice, (TDCJ) has a statutory duty pursuant to the Texas Legislature under Government Code, Title 4, §493.006 (b), "Inmate Welfare Section, to promulgate all the laws of Texas and the United States, and the directives, policies, and regulations to manage a constitutional state prison.

**Paragraph 4:** Brian Collier, in his official capacity has the legislative authority to delegate his duty owed to a subordinate pursuant to §493.006 (b)

**Paragraph 5:** Jimmy S. Smith, in his official capacity as the senior warden, TDCJ Region II, James V. Allred Unit, was delegated the duty owed under §493.006(b)

# I. STATEMENT OF CLAIM

Paragraph 6: Bryan D. Reitsma, in his official capacity, as the assistant warden, was delegated the duty owed under § 493.006(b), and assisted Warden Smith, and Executive Director Collier, with operating a constitutional state prison system.

Paragraph 7: Bryan D. Reitsma, was delegated the duty owed over the Extended Cell Block (ECB), at the James V. Allred Unit, including the Kitchen.

Paragraph 8: INGRID Y. Ward, Food Service Manager #4, was delegated the duty owed over the ECB Kitchen, when Plaintiff was assigned to work there pursuant to Title 4, § 497.009, in the ECB Kitchen skullery washing food trays, and was seriously injured and hospitalized. Food Service Manager Ward, has been promoted to Major.

Paragraph 9: Food Service Manager John Doe, was told by Plaintiff, that his working conditions were unsafe repeatedly before the injury that hospitalized and medically unassigned by Dr. Marci J. Odal, Unit Physician, and assigned to the Infirmary after being returned to the Allred Unit, from the hospital.

Page 4

## V. STATEMENT OF CLAIM:

Paragraph 10: Dr. Odal treated Plaintiff for his injuries while housed in 10-Building, Medical Department, then discharged him, and Plaintiff was reassigned to ECB.

Paragraph 11: Plaintiff has continued to have health problems, after the injury and hospitalization, and after his discharge from the Medical Department, and reassignment to the ECB for cool bed housing.

### CAUSE OF ACTION

Title 42 U.S.C. § 1983, was enacted and passed to enforce Plaintiff's constitutional rights.

VII (B) Plaintiff requested in writing for his historical TDCJ-CID numbers from the Access To Courts Supervisor, Mr. Gregory Hicks. Mr. Hicks advised Plaintiff to Contact "Inmate Records" on December 15, 2023. Plaintiff subsequently submitted another I-60 Inmate Request, pursuant to Mr. Hicks's advice, and no response has occured from Allred Unit employees.

Relief Requested: (7) Any other relief the Court deems Plaintiff is entitled too.

Page 4

C. Has any court ever warned or notified you that sanctions could be imposed? _____ YES _✓_ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): _____ NA

2. Case number: _____ NA

3. Approximate date warning was issued: _____ NA

Executed on: _December 24TH, 2023_
DATE

Henry Gonzales JR.

X _Henry Gonzales JR._
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _Henry Gonzales_ 24TH day of _December_, 20 23 .
(Day)                          (month)              (year)

Herry Gonzales JR.

_Henry Gonzales JR._
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

Henry Gonzales
No. 1808929, Allred Unit
2101 F.M. 369 N
Iowa Park, Texas 76367
Phone (940) 855-7477

December 24, 2023

District Clerk's Office
U.S. District Court, N.D. Texas
Wichita Falls Division, Rm 310
501 West Tenth Street
Fort Worth, Texas 76102

Re: Filing Rule 8(a) Fed. R. Civ. Proc, Complaint
IFP Request,

Dear District Clerk:

Please find enclosed all the documents and forms I want you to file with the District Court, to initiate my 42 U.S.C. § 1983, Rule 8(a) complaint. Enclosed please find the TDCJ-CID Trust Fund verification notarized by Mr. Gregory Hicks, where I can apply for in forma pauperis status under the Prisoner's Litigation Reform Act. (PLRA)

Please file these and bring this civil action to the Court's attention as soon as your time permits.

Additionally, please find a self addressed stamped envelope for your convenience, and stamp my copy of this 'cover letter' filed, then return it to me for my records.

I understand the district court will have to resolve, my failure to exhaust my step1 and step2 remedies by TDCJ-CID, but I am confident because of my injuries and hospitalization, then assignment in the Allred Unit infirmary, and no former knowledge of the law that the Court will hold, they were not available to me, I rely on the U.S. Supreme Court's decision in Ross v. Blake, 136 S.Ct. 1850, 1862, 195 L.Ed.2d 117 (2016); and the Fifth Circuit's decisions in Davis v. Hernandez, 798 F.3d 290, 295 (2015); and Dillion v. Rogers, 596 F.3d 260, 273 (2012); to overcome Woodford v. Ngo, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006); Jones v. Bock, 127 S.Ct. 910, 166 L.Ed. 798 (2007). See also, Days v. Johnson, 322 F.3d 863, 866 (5th Cir 2003) ('Exhaustion unavailable for personal injury)

Thank you very much for all your time and assistance.

Respectfully your's,

Henry Gonzales Jr

Henry Gonzales, Pro Se

Gonzales Cover Letter
Page 2

PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

DEFENDANT'S COPY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### WICHITA FALLS DIVISION

Henry Gonzales, No. 1808929

Plaintiff's Name and ID Number

TDCJ-CID James Allred Unit

Place of Confinement

CASE NO._____

(Clerk will assign the number)

TDCJ-CID
P.O. Box 99, Huntsville, Tx. 77342

Defendant's Name and Address

Brian Collier, Executive Director,
TDCJ, P.O. Box 99, Huntsville, Tx. 77342

Defendant's Name and Address

Jimmy S. Smith, Senior Warden
Allred Unit, Iowa Park, Tx. 76367

Defendant's Name and Address

( DO NOT USE "ET AL.")

Plaintiff Demands Jury Trial
Plaintiff Request Spears
Hearing

---

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) , the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

Rev. 05/15

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee."    *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.*)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.   PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___ YES ✓ NO

    B. If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

       1. Approximate date of filing lawsuit: _____ NA

       2. Parties to previous lawsuit:

          Plaintiff(s) _____ NA

          Defendant(s) _____ NA

       3. Court: (If federal, name the district; if state, name the county.) _____ NA

       4. Cause number: _____ NA

       5. Name of judge to whom case was assigned: _____ NA

       6. Disposition: (Was the case dismissed, appealed, still pending?) _____ NA

       7. Approximate date of disposition: _____ NA

Rev. 05/15

II.    PLACE OF PRESENT CONFINEMENT: TDCJ-CID James V. Allred Unit

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?    ___ YES  ✓ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

See motion For IFP - 42 U.S.C. § 1983

IV.    PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Henery Gonzales, No. 1808929, Allred Unit. 2101 F.M. 369 North, Iowa Park, Texas 76367

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Texas Department of Criminal Justice, Correctional Institutional Division, P.O. Box 99, Huntsville, Texas 77342

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Failed to provide safe work conditions at Allred Unit

Defendant #2: Brian Collier, Executive Director, Texas Department of Criminal Justice, P.O. Box 99, Huntsville, Texas 77342

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

Failed to discharge duty owed to provide safe working conditi

Defendant #3: Jimmy S. Smith, Senior Warden, Allred Unit, 2101 F.M. 369 North, Iowa Park, Texas 76367

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Failed to discharge delegated duty to provide safe work conditi

Defendant #4: Bryan D. Reitsma, Assistant Warden, Allred Unit, 2101 F.M. 369 North, Iowa Park, Texas 76367

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Failed to discharge delegated duty to provide safe working cond.tiv

Defendant #5: Ingrid Y. Ward, Food Service Manager 4, Allred Unit, 2101 F.M. 369 North, Iowa Park, Texas 76367

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Failed to discharge duty owed to provide safe working conditions in the Extended Cell Block (ECB) Kitchen

Rev. 05/15

3

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal arguments or cite any cases or statutes.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Paragraph 1: Plaintiff is a military veteran, serving a life sentence out of Travis County, Austin, Texas, and is seventy (70) years old.

Plaintiff was seriously injured and hospitalized after he was assigned to the ECB kitchen workers. In the skullery washing trays.

(See Attached Pages For Additional Claims:)

VI.    RELIEF:

State briefly exactly what you want the court to do for you.   Make no legal arguments.  Cite no cases or statutes. (1) Cost of Court, (2) reasonable attorney fees, (3) Declaratory Judgements, (4) Prospective Preliminary Injunction, (5) nominal damages, (6) Punitive Damages (See Attached Pages For Additional Relief Requested)

VII.    GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.
NONE

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you. Plaintiff requested his historical TDCJ-CID numbers from Allred Unit employees.

VIII.    SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES __NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.    Court that imposed sanctions (if federal, give the district and division): _____ NA

2.    Case number: _____ NA

3.    Approximate date sanctions were imposed: _____ NA

4.    Have the sanctions been lifted or otherwise satisfied? ____YES __NO
NA

Rev. 05/15

4

# I. STATEMENT OF CLAIM

Paragraph 2: Plaintiff was transferred from the Travis County Jail, to the TDCJ-CID Stiles Unit, in Jefferson County, Beaumont, Texas, processed into State custody, and assigned number 1808929.

Paragraph 3: Brian Collier, Executive Director, of the Texas Department of Criminal Justice, (TDCJ) has a statutory duty pursuant to the Texas Legislature under Government Code, Title 4, § 493.006(b), "Inmate Welfare Section, to promulgate all the laws of Texas and the United States, and the directives, policies and regulations to manage a constitutional state prison.

Paragraph 4: Brian Collier, in his official capacity has the legislative authority to delegate his duty owed to a subordinate pursuant to § 493.006(b)

Paragraph 5: Jimmy S. Smith, in his official capacity as the senior warden, TDCJ Region I, James V. Allred Unit, was delegated the duty owed under § 493.006(b)

# I. STATEMENT OF CLAIM

Paragraph 6: Bryan D. Reitsma, in his official capacity, as the assistant warden, was delegated the duty owed under § 493.006(b), and assisted Warden Smith, and Executive Director Collier, with operating a constitutional state prison system.

Paragraph 7: Bryan D. Reitsma, was delegated the duty owed over the Extended Cell Block (ECB), at the James V. Allred Unit, including the Kitchen.

Paragraph 8: INGRID Y. Ward, Food Service Manager #4, was delegated the duty owed over the ECB Kitchen, when Plaintiff was assigned to work there pursuant to Title 4, § 497.009, in the ECB Kitchen skullery washing food trays, and was seriously injured and hospitalized. Food Service Manager Ward, has been promoted to Major.

Paragraph 9: Food Service Manager John Doe, was told by Plaintiff, that his working conditions were unsafe repeatedly before the injury that hospitalized and medically unassigned by Dr. Marci J. Odal. Unit Physician, and assigned to the Infirmary after being returned to the Allred Unit, from the hospital.

## V. STATEMENT OF CLAIM:

Paragraph 10: Dr. Odal treated Plaintiff for his injuries while housed in 10-Building, Medical Department; then dischanged him, and Plaintiff was reassigned to ECB.

Paragraph 11: Plaintiff has continued to have health problems, after the injury and hospitalization, and after his discharge from the Medical Department, and reassignment to the ECB for cool bed housing.

## CAUSE OF ACTION

Title 42 U.S.C., § 1983, was enacted and passed to enforce Plaintiff's constitutional rights

## VII (B)

Plaintiff requested in writing for his historical TDCJ-CID numbers from the Access To Courts Supervisor, Mr. Gregory Hicks. Mr. Hicks advised Plaintiff to contact "Inmate Records" on December 15, 2023. Plaintiff subsequently submitted another I-60 Inmate Request, pursuant to Mr. Hicks's advice, and no response has occured from Allred Unit employees.

Relief Requested (7) Any other relief the Court deems Plaintiff is entitled too.

Page 4

C. Has any court ever warned or notified you that sanctions could be imposed? _____ YES __✓__ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): _____ NA

2. Case number: _____ NA

3. Approximate date warning was issued: _____ NA

Executed on: **December 24TH, 2023**
DATE

Henry Gonzales JR.

X _Henry Gonzales Jr._
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _Henry Gonzales_ day of **December**, 20 **23**.
(Day)                    (month)              (year)

Henry Gonzales JR

_Henry Gonzales Jr._
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

Defendant's Copy

Henry Gonzales
No. 1808929, Allred Unit
2101 F.M. 369 N
Iowa Park, Texas 76367
Phone (940) 855-7477

December 24, 2023

District Clerk's Office
U.S. District Court, N.D. Texas
Wichita Falls Division, Rm 310
501 West Tenth Street
Fort Worth, Texas 76102

Re: Filing Rule 8(a) Fed. R. Civ. Proc, Complaint
IFP Request,

Dear District Clerk:

   Please find enclosed all the documents and
forms I want you to file with the District Court,
to initiate my 42 U.S.C. § 1983, Rule 8(a) complaint
Enclosed please find the TDCJ-CID Trust Fund
verification notarized by Mr. Gregory Hicks,
where I can apply for in forma pauperis status
under the Prisoner's Litigation Reform Act. (PLRA)

Please file these and bring this civil action to the Court's attention as soon as your time permits.

Additionally, please find a self addressed stamped envelope for your convenience, and stamp my copy of this 'cover letter' filed, then return it to me for my records.

I understand the district court will have to resolve, my failure to exhaust my Step1 and Step2 remedies by TDCJ-CID, but I am confident because of my injuries and hospitalization, then assignment in the Allred Unit infirmary, and no former knowledge of the law that the Court will hold, they were not available to me. I rely on the U.S. Supreme Court's decision in Ross v. Blake, 136 S.Ct. 1850, 1362, 195 L.Ed.2d 117 (2016); and the Fifth Circuit's decisions in Davis v. Hernandez, 798 F.3d 290, 295 (2015); and Dillion v. Rogers, 596 F.3d 260, 273 (2012); to overcome Woodford v. Ngo, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006); Jones v. Bock, 127 S.Ct. 910, 166 L.Ed. 798 (2007). See also, Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003) (Exhaustion unavailable for personal injury)

Thank you very much for all your time and assistance.

Respectfully your's,

Henry Gonzales Jr.

Henry Gonzales, Pro Se

Gonzales Cover Letter
Page 3

*Please Stamped Filed*

*Plaintiff Copy*

Henry Gonzales
No. 1808929, Allred Unit
2101 F.m. 369 N
Iowa Park, Texas 76367
Phone (940) 855-7477

December 24, 2023

District Clerk's Office
U.S. District Court, N.D. Texas
Wichita Falls Division, Rm 310
501 West Tenth Street
Fort Worth, Texas 76102

Re: Filing Rule 8(a) Fed. R. Civ. Proc, Complaint
IFP Request.

Dear District Clerk:

Please find enclosed all the documents and forms I want you to file with the District Court, to initiate my 42 U.S.C, § 1983, Rule 8(a) complaint. Enclosed please find the TDCJ-CID Trust Fund verification notarized by Mr. Gregory Hicks, where I can apply for in forma pauperis status under the Prisoner's Litigation Reform Act (PLRA)

Please file these and bring this civil action to the Court's attention as soon as your time permits.

Additionally, please find a self addressed stamped envelope for your convenience, and stamp my copy of this 'cover letter' filed, then return it to me for my records.

I understand the district court will have to resolve, my failure to exhaust my Step1 and Step2 remedies by TDCJ-CID, but I am confident because of my injuries and hospitalization, then assignment in the Allred Unit infirmary, and no former knowledge of the law that the Court will hold, they were not available to me. I rely on the U.S. Supreme Court's decision in Ross v. Blake, 136 S.Ct. 1850, 1862, 195 L.Ed.2d 117 (2016); and the Fifth Circuit's decisions in Davis v. Hernandez, 798 F.3d 290, 295 (2015); and Dillion v. Rogers, 596 F.3d 260, 273 (2012); to overcome Woodford v. Ngo, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006); Jones v. Bock, 127 S.Ct. 910, 166 L.Ed. 798 (2007). See also, Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003) (Exhaustion unavailable for personal injury.)

Thank you very much for all your time and assistance.

Respectfully your's,

Henry Gonzales Jr

Henry Gonzales, Pro Se

Gonzales Cover Letter
Page 2



Mr. Henry Gonzales, Jr.
No. 1808909, Allred Unit
2101 F.M. 369 N
Iowa Park, Texas 76367

District Clerk's Office
U.S. District Ct., N.D. Texas
Wichita Falls Div., Room 310
501 West Tenth Street
Fort Worth, Texas 76201

LEGAL MAIL

Henry Gonzales
No. 1008929, Allred Unit
2101 Fm. 369 N
Iowa Park, Texas 76367

RECEIVED

JAN 12 2024

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Retail

U.S. POSTAGE PAID
FCM LG ENV
IOWA PARK, TX 76387
JAN 09, 2024

76102

$0.00

RDC 99    R2303S103034-08

LEGAL MAIL

X-RAY

District Clerk's Office
U. S. District Court, N.D. Texas
Wichita Falls Division, Rm. 310
501 West Tenth Street
Fort Worth, Texas 76102